UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI LOMBARDO, <br><br> *PLAINTIFF,* <br><br> V. <br><br> WESTERN REGIONAL OFF-TRACK BETTING CO., <br><br> *DEFENDANT.* | COMPLAINT <br> AND <br> DEMAND FOR JURY TRIAL <br><br> CIVIL ACTION <br><br> NO. _____ |

## NATURE OF ACTION

1.       Plaintiff Lori Lombardo bring this action to vindicate her rights under the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

## JURISDICTION AND VENUE

2.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

3.       Venue is appropriate in the Western District of New York since the allegations arose in this district and plaintiff resides in this district.

## PARTIES

A.    **DEFENDANT**

4.       Defendant Western Regional Off-Tracking Betting Co. ("OTB") is a New York Public Benefit Corporation and has its principal place of business at 8315 Park Road, Batavia,

New York 14020.

    5.     OTB operates 27 branches and 26 E-Z Bet Locations in Western New York.

    6.     OTB is a covered entity within the meaning of the ADA.

**B.   PLAINTIFF**

    7.     Plaintiff Lori Lombardo is a resident of the State of New York, residing in Hilton, New York.

    8.     At all times relevant plaintiff was an employee within the meaning of the ADA.

<u>FACTUAL ALLEGATIONS</u>

    9.     Ms. Lombardo suffers from a surgically fused cervical spine.

    10.    Ms. Lombardo has a disability within the meaning of the ADA.

    11.    Defendant regarded Ms. Lombardo as having a disability within the meaning of the ADA.

    12.    Ms. Lombardo suffers from a physical impairment that substantially limits one or more major life activities.

    13.    Ms. Lombardo's disability substantially limits her with respect to performing manual tasks, lifting, working, reaching and other major life activities.

    14.    Ms. Lombardo's disability also substantially limits her with respect to the operation of major bodily functions including but not limited to the function of her muscular and nervous system functions and other major life activities.

    15.    Ms. Lombardo suffers from a physical or medical impairment resulting from anatomical, physiological, or genetic conditions which prevents the exercise of normal bodily function.

    16.    Ms. Lombardo suffers from a physical or medical impairment that is demonstrable

by medically accepted clinical or laboratory diagnostic techniques.

17.     Despite her disability, Ms. Lombardo was able to perform the essential functions of her job at all relevant times.

18.     Defendant hired Ms. Lombardo on or about 1998.

19.     Before she was terminated on April 1, 2015 Ms. Lombardo was employed by defendant as a Branch Supervisor at defendant's Hudson Avenue location.

20.     As a Branch Supervisor, Ms. Lombardo performed various office duties including: managing employees, customer service and accounting.

21.     On January 5, 2015, Ms. Lombardo injured her neck while at work and defendant granted her request to be placed on medical leave.

22.     On March 3, 2015, while still on medical leave, defendant's Director of Branch Operations Sean Schiano informed Ms. Lombardo in writing that she would no longer be employed as Branch Supervisor at the Hudson Avenue location and instead would be demoted to the position of the Senior Line Operator at defendant's Lyell Avenue Branch.

23.     On March 30, 2015, Ms. Lombardo was cleared to return to work by her physician with limited restrictions of no lifting of more than (10) pounds, no looking down, no reaching and a maximum of 8 hours a work a day.  Ms. Lombardo informed both her supervisors, District Manager E.J. Merriman and Branch Operations Manager Sean Schiano that she had been cleared to return to work and provided defendant with her physician's note and which included her work restrictions.

24.     On April 1, 2015 Ms. Lombardo was contacted by defendant's District Manager E.J. Merriman who told her that she could not return to work because she "could not work because of her disability".  Later that same day Mr. Merriman again called Ms. Lombardo and advised her

that her employment was terminated.

25.     Ms. Lombardo could have performed her duties as a Branch Supervisor and/or Senior Line Operator for defendant and satisfied her work restrictions.

26.     Defendant never attempted to accommodate Ms. Lombardo's disability, or to even engage with her to determine what accommodations would have been sufficient to allow her to perform the essential functions of her job.

27.     Defendant terminated Ms. Lombardo because of her disability and because it regarded her as disabled even though she could still perform the essential functions of her job.

28.     Defendant failed to reasonably accommodate Ms. Lombardo's disability.

29.     Due to the willful conduct of the defendant, plaintiff has lost her employment has lost pay and other benefits and has suffered great emotional distress.

30.     Defendant discriminated against Ms. Lombardo on the basis of her disability.

31.     Defendant discriminated against Ms. Lombardo on the basis of her disability with regard to her termination and the terms, conditions, and privileges of employment.

32.     Defendant discharged Ms. Lombardo from employment because of her disability and/or because she was regarded as disabled.

33.     Defendant improperly failed and refused to either consider or undertake any reasonable accommodation that would permit Ms. Lombardo to perform her job.

34.     Defendant would not have incurred any undue hardship in connection with undertaking a reasonable accommodation to permit Ms. Lombardo to perform her job.

35.     Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about October 29, 2015.

36.     On November 24, 2017 the EEOC mailed Ms. Lombardo a notice of right to sue,

informing her that Ms. Lombardo could file a complaint in federal court to redress the violations of her rights.

**CAUSE OF ACTION**

*Americans with Disabilities Act – Disability Discrimination*

37.     Plaintiff reallege the above paragraphs as if fully restated herein.

38.     Through defendant's action and inactions described above defendant violated its obligations under the ADA, and is liable to plaintiff.

**WHEREFORE**, plaintiff requests the following relief:

(a)     A declaration that defendant's conduct complained of herein violated her rights as secured by the ADA.

(b)     A permanent injunction to defendant its officers, management, personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any retaliatory conduct violating any of plaintiff's rights as secured by ADA.

(c)     Equitable relief of all back pay and benefits up to the date of reinstatement.

(d)     Reinstatement of the plaintiff to employment with defendant or, in the alternative an award to the plaintiff of front pay, including all the compensation and value of the benefits of employment that she would have been entitled to had she not been terminated, for a period of time after judgment that the Court deems just and proper.

(e)     An award of compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses under the ADA.

(f)     An award of punitive damages.

(g)     An award of liquidated damages.

(h)     An award of pre-judgment interest.

(i)     All costs, expenses, disbursements, expert witnesses feed and attorney's fee in prosecuting the action.

(j)     An award of any and all other economic loss.

(k)     Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

Dated: January 29, 2018

Respectfully submitted,

**CORDELLO LAW PLLC**

By: _____

Justin M. Cordello, Esq.
*Attorney for Plaintiff*
95 Allens Creek Road
Bldg. 2, Suite 215
Rochester, New York 14618
Telephone: (585) 857-9684
justin@cordellolaw.com